Turley, J.
delivered the opinion of the court.
In the year 1827, Gully Moore departed this life, in the county of Montgomery, State of Tennessee, having previously made and published his last will and testament. By this will he devised to his wife, Frances Moore, a negro woman named Letticia, for and during the term of her, the said Frances Moore’s natural life, at the expiration of which time, then to the complainant, William Moore, absolutely. To this will, the said Fran-cee Moore and William Moore were appointed as executors. This will was admitted to registration upon probate in common form, in the county of Montgomery, in 1827, the same year the testator died; and thereupon, the said Frances Moore, with the consent of her co-executor 9 William Moore, took possession of said negro, Letticia, as devisee under the will.
Some short time thereafter, a portion of the heirs at law of said Gully Moore, instituted proceedings against his executors to compel a probate of his will in solemn form, which were prosecuted in the courts of the State till some time in the year 1845, when all the questions *366 arising were finally determined in favor of the will; and it was set up and established in solemn form as it had been previously done in common form.
Pending the proceedings, Frances Moore intermarried with one John Smith, who not long thereafter died intestate, and letters of administration were granted upon his estate to his son, James N. Smith.
Some time in the winter of 1836-7, the said Frances again intermarried with William Crockett, the defendant; and upon that event the negro woman, Letticia, went into the possession of the said Crockett, where she, with her increase, has ever since remained.
Some time in the year 1841 or 1842, the said Frances died. In the mean time the negro woman, Letticia, had children, Polly, Nancy, &c. Upon the death of the said Frances, the right and title to all these negroes vested absolutely in the complainant, William Moore, under the will of his father; but William Crockett, the defendant, refuses to give them up, and now contends that they are his by operation of law, he having had adverse possession of them, claiming them as his own for more than three years after the death of his wife. That he has persisted in keeping said negroes from their true and legal owner, William Moore, without suit being brought therefor for more than three years, is not to be questioned, for this bill was filed in 1847, and his wife died, as we have seen, in 1841 or 1842; and this, if there were nothing else in the case, would give him an unquestionable title, by lapse of time, to these negroes. But there are other things which intervened and prevented the operation of the statute upon his possession; for, in the month of October, 1839, the complainant, William Moore, aud James N. Smith, the administrator of the estate of John *367 Smith, the second husband of the said Frances Moore, becoming apprehensive that the defendant, William Crockett, designed to run the negroes in controversy, so as to defeat the estate in remainder, consequent upon the death of the said Frances, filed their bill qua timet to prevent such action on his part. Under this bill Crockett was compelled to give security to have the negroes forthcoming at the termination of the controversy in relation to the will of Gully Moore. This bill is still pending, and of consequence the negroes ever since have been in custodia legis; and the possession of said Crockett, so far as the estate in remainder is concerned, has not been adverse, but has been that of a receiver under the order of the court, which permitted him to keep them in possession upon giving bond to have them forthcoming at the proper time.
The necessary consequence is that the defendant never has had the adverse possession as against the remainder man; and that the statute of limitations gives him no protection in the case.
There are some other questions made in argument, such as the effect produced upon the rights of the different parties by reason of the contest growing out of the probate of the will in solemn form after it had been proven in common form, and the assent of the executors given to the bequest to the said Frances, and after she had taken possession in her own right of the negro Let-ticia; that is to say, whether such contest of itself necessarily changed her right, as it had been previously fixed, and constituted her holding to be no longer in her own right, but remitted it back to her as executrix, and therefore stopped the running of the statute of limitations during the pendency of the controversy about the will.
*368 We give no opinion upon these questions, for we do not deem it necessary, in as much as we are well satisfied that William Crockett never had any legal, adverse holding of these negroes as against the present complainant. We therefore affirm the decree of the chancellor in this case.